## *Ex parte* Louisa Strobel.

A widow is entitled to a homestead in the real estate of her deceased husband, though he died before the adoption of the Constitution of 1868, giving the right.

Under a petition to the Judge of Probate, by the administrator of an intestate estate, for sale of the real estate for payment of debts, a decree, *pro confesso*, was entered against the widow of the intestate, who was a party to the petition, and a decree for sale made: *Held*, That the decree was no bar to an application afterwards made by the widow to the Judge of Probate to have a homestead set off to her in the lands ordered to be sold.

BEFORE PLATT, J., AT BARNWELL, MARCH TERM, 1870.

John G. Strobel died intestate in January, 1868, and on the 13th February, 1868, Jacob H. Kalb administered on his estate. On the 22d March, 1869, Jacob H. Kalb filed his petition in the Probate Court, praying that the assets of the estate of his intestate be marshalled, and the land sold, in aid of the personalty, for payment

of debts. Louisa Strobel, the widow of the intestate, was made a party to the petition, a decree, *pro confesso*, was entered against her, and a decree for sale of the land made by the Probate Judge.

On the 23d June, 1869, the petition in this case was filed in the Court of Probate by Louisa Strobel. The petition prayed that a homestead be assigned to the petitioner out of the real estate of her late husband. The Probate Judge dismissed the petition on two grounds: (1) That the decree for sale of the land was a bar to the application; (2) That the petitioner was not entitled to a homestead, her husband having died before the adoption of the Constitution of 1868.

An appeal was taken by the petitioner, Louisa Strobel, to the Circuit Court, and His Honor Judge Platt reversed the decree of the Probate Judge.

The administrator, Jacob H. Kalb, then appealed to this Court.

*Robert Aldrich*, for appellant.

*Verdier*, contra.

April 25, 1871. The opinion of the Court was delivered by

WILLARD, A. J. The respondent, Louisa Strobel, petitioned the Probate Judge of Barnwell County for the allowance of a homestead out of lands of her deceased husband, ordered to be sold by the Judge of Probate for the payment of the debts of the deceased. Her petition was dismissed, on the ground that the petitioner, being a party to the application for the sale of the lands in question previously made by the administrator, and not having interposed her claim to a homestead on such application, is bound by such order; and on the further ground that the death of her husband having occurred prior to the adoption of the Constitution, (1868,) no homestead exemption could be claimed in her behalf.

On appeal to the Circuit Court, this decision was reversed, and a homestead was allowed. From this determination the present appeal is taken.

The grounds of appeal will be noticed in their order:

1. It is claimed that the death of the husband before the adoption of the Constitution deprives the respondent of her right of homestead exemption. We have already held the contrary in *Ex parte Kennedy* and *Howze* vs. *Howze*, (ante, pp. 216, 229.)

2. It is also claimed that the petitioner being a party to the application to the Judge of Probate to marshal the assets, and sell

the real estate of the deceased, and having been served with process in such application, and having allowed the order of sale to go by default, she cannot now set up a claim to a homestead. If the respondent was bound to interpose such claim upon the application to sell her husband's real estate, then there is ground for the claim made by the appellant.

We are of opinion that she was not so bound.

The provisions of Section 32, Article I, of the Constitution of 1868, operate in terms against the enforcement of process to sell such premises for the payment of debts. The Constitution thus operates upon and limits the effect of the judgment or order for the sale of such lands. To hold the proposition contended for by the appellant would be equivalent to interpolating in the text of the Constitution a condition to the effect that such right of homestead should not be allowed, if the applicant had had an opportunity of setting forth her claim to the same in the proceeding in which such judgment or order was allowed. Such a proviso would materially affect the sense of the Constitution, and cannot be made out by any fair rule of construction put upon the terms of that instrument.

Had the petitioner chosen to bring forward her claim on the application for the sale of the land, and had a decision gone against her, on the merits, a very different question from the present would have been presented.

As the petition is not brought before us by the appellant, we must assume in her favor all that is not embraced in the appellant's grounds of appeal, and, among other things, that she is the head of a family having a homestead in the premises in question. As was held in *ex parte Kennedy*, she is to be regarded, in the application, as the representative of a family, and it does not appear what persons constitute such family, whether adults or minors, nor that such persons were parties to, or in any manner personally bound by, the order of sale.

3. The third ground of appeal is general, to the effect that the order allowing the homestead was otherwise contrary to law.

Without a specification of the grounds of objection no matter of appeal not embraced in the previous grounds stated is entitled to be considered by this Court.

The order of the Circuit Court must be affirmed, and the appeal dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.